TALLIAFERRO,
July, 1832.

DANIEL and
Another,
Administrators,
v.
DANIEL and
Others.

IN TALLIAFERRO SUPERIOR COURT, JULY, 1832.

JOHN T. DANIEL and C. DANIEL, Administrators, *vs.* PETER L. DANIEL, WM. MATTOX and R. C. GIBSON.

## *Debt.*

THIS action was brought upon thirty three notes of hand signed with the names of the three defendants. When the notes were produced it appeared that the name of R. C. Gibson had been erased from them. It was objected that the notes upon their face were executed but by two of the defendants, and therefore were not the notes declared upon. That the erasure of the name of R. C. Gibson from the notes was a cancelment of the contract so far as respected him. To this it was replied, that the action must be brought according to the legal import of the contract at the time of its execution and not according to the legal effect of the instrument at the time of bringing the action. That the proper course for R. C. Gibson was to have pleaded *non est factum* which would have thrown the *onus* upon the plaintiff to show that the erasure was effected by fraud and imposition by the promissor, whose name had been erased. The court was of opinion that as the defendant's name had been erased, and as the notes had always been in the possession of the plaintiffs, it was incumbent upon them to account for and explain the erasure. And that although R. C. Gibson had not pleaded *non est factum*, as he had pleaded the erasure and the reasons of it, the plaintiffs were as fully apprised of his defence as they would have been, if *non est factum* had been pleaded. That the erasure was a complete cancelment of the notes so far as R. C. Gibson was concerned, and that it needed not to be taken advantage of by plea of *non est factum*, as it was apparent on the face of the notes.

The Court however intimated to the plaintiffs' counsel, if they were able to show that the erasure had been made by the fraud or fraudulent misrepresentations of R. C. Gibson, or that his liability had been revived by any subsequent agreement or arrangement, it was competent for them to show it. The plaintiffs attempted to establish such facts by evidence, but failing, submitted to a verdict.